[Cite as *State v. Hayes*, 2014-Ohio-2968.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-13-1204

    Appellee                                 Trial Court No. CR0201001245

v.

Charles Hayes                                    **DECISION AND JUDGMENT**

    Appellant                                Decided:  July 3, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Mark T. Herr, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the February 1, 2013 judgment of the Lucas County Court of Common Pleas which, after defendant-appellant, Charles Hayes, entered a guilty plea to a community control violation, sentenced him to ten months of imprisonment to be served consecutively to the sentence in case No. CR0201202473.

**{¶ 2}** Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel for appellant asserts that after having reviewed the entire record on appeal and researching case and statutory law, he is unable to find any non-frivolous issue for appeal. Counsel for appellant has, however, consistent with *Anders,* set forth the following potential assignment of error for our review:

> Did the trial court err when it ordered that the community control violation sentence in Case No. 10-CR-1245 be served consecutive to the sentence imposed in Case No. 12-CR-2473?

**{¶ 3}** *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders, supra,* at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of all the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw

2.

and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 4} In the present case, appointed counsel has satisfied the requirements set forth in *Anders.* This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 5} On April 1, 2010, appellant entered a plea of no contest to one count of trafficking in marijuana, R.C. 2925.03(A)(2) and (C)(3)(a), a fifth degree felony. On May 14, 2010, appellant was sentenced to four years of community control with multiple conditions. Thereafter, following appellant's admission to the community control violation, on February 1, 2013, the trial court sentenced him to ten months of imprisonment to be served consecutive to his prison sentence for attempted murder.

{¶ 6} Appellant's sole potential assignment of error argues that the court erred by imposing a consecutive, rather than a concurrent prison sentence. H.B. 86 deleted the requirement under R.C. 2929.19(B)(2) that a court give its reasons for imposing a consecutive sentence. However, R.C. 2929.14(C)(4) sets forth the following requirements for imposing a consecutive sentence:

> (4) If multiple prison terms are imposed on an offender for
>
> convictions of multiple offenses, the court may require the offender to serve

3.

the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 7}** This court has recently clarified that the above findings must be made in the sentencing entry. *See State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10. In making the findings, the trial court is not required to recite the above statute

4.

verbatim. *Id.*, citing *State v. Payne*, 6th Dist. Lucas Nos. L-13-1024, L-13-1025, 2014-Ohio-1147, ¶ 13-16.

{¶ 8} In the present case, the trial court's sentencing entry states: "It is ordered that defendant serve a term of 10 months in prison to be served consecutively to CR12-2473." No explanation was given. Thus, the court failed to make the findings required under R.C. 2929.14(C)(4). Appellant's potential assignment of error is well-taken.

{¶ 9} Pursuant to *Anders,* if any potential error has merit, we are to afford appellant new counsel and an opportunity to argue the appeal. Upon our own independent review of the record, we find no other grounds for a meritorious appeal. However, because the trial court clearly failed to comply with R.C. 2929.14(C), and appellant's sentence is contrary to law, we immediately remand the matter to the trial court for resentencing. *See State v. Brown,* 6th Dist. Sandusky No. S-06-009, 2006-Ohio-3985, ¶ 23; *State v. Meyer,* 6th Dist. Williams No. WM-03-008, 2004-Ohio-5229, ¶ 75. Appellant's counsel's motion to withdraw is denied.

{¶ 10} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and this case is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

{¶ 11} The clerk is ordered to serve all parties with notice of this decision.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Stephen A. Yarbrough, P.J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.